## Commonwealth v. Carey

*George M. Hess, Jr.*, District Attorney for Commonwealth.

No appearance for defendant.

WILLIAMS, P. J., August 14, 1956.—Defendant has been charged with violation of section 1020, subsec. 10, of the Act of May 1, 1929, P. L. 905, as amended, 75 PS §612, which provides as follows:

"No person shall park a vehicle, or permit it to stand, whether attended or unattended, upon a highway in any of the following places . . .

"10. In front of a private driveway" . . .

The testimony discloses that defendant parked his automobile on a driveway of the Pennsylvania Game Farm. A highway is defined in the act to mean: "Every way or place, of whatever nature, open to the use of the public as a matter of right, for purposes of vehicular travel.". . . In our opinion this driveway of the Pennsylvania Game Farm was not a highway open for the public as a matter of right but was a private driveway, for use by the game officials to get to their garage in which they kept automobiles. Defendant was undoubtedly trespassing. He did not, however, violate the section for which he was arrested.

We are cognizant of the decisions as to violations of The Vehicle Code which hold that there may be

violations whether or not they occurred on public or private grounds: Com. v. Goldscheiter, 57 D. & C. 490. The legislature did not specify that such violations had to occur upon a highway.

Defendant is found not guilty, costs on the county.